## WALKER v. J. N. HIRSCH COOPERAGE CO. (No. 584.)

(Court of Civil Appeals of Texas. Beaumont. June 8, 1920. Rehearing Denied June 23, 1920.)

**1. Appeal and error ⬅⟶758(2)—Refusal of issues not considered, where brief does not show written request.**

Assignments of error to the refusal of the trial court to submit three special issues cannot be considered, where there was no statement in the brief showing that the special issues were requested in the writing before the case was submitted to the jury, nor even that they were requested and refused by the court at any time.

**2. Appeal and error ⬅⟶500(2), 758(2)—Assignments to sustaining of exception to plea not valid, where record does not show exception.**

An assignment that the court erred in sustaining defendant's exception to plaintiff's plea

---

shows no error, where the statement in the brief and the record itself do not show any exception to the plea.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by James Walker against the J. N. Hirsch Cooperage Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles Murphy, of Houston, for appellant.

Baker, Botts, Parker & Garwood and Fouts & Patterson, all of Houston, for appellee.

HIGHTOWER, C. J. Appellant, James Walker, sued appellee, J. N. Hirsch Cooperage Company, in the district court of Harris county for damages claimed on account of personal injuries alleged to have been sustained in consequence of negligence attributable to appellee. In his petition appellant alleged five specific grounds of negligence against appellee, but upon conclusion of the evidence the trial court seems to have entertained the opinion that only one of the grounds of negligence alleged should be submitted to the jury, which was done, and the jury's finding in answer to a special issue submitting that ground was favorable to appellee, and judgment was rendered upon the verdict in favor of appellee. After his motion for new trial had been overruled, appellant properly perfected his appeal, and presents in his brief six assignments of error, by which he seeks to have this court reverse the judgment.

[1] The first three assignments complain, substantially, of the refusal of the trial court to submit three special issues embracing grounds of negligence pleaded by appellant, in addition to that submitted by the court. To the consideration of these assignments appellee strenuously objects, pointing out several reasons; but it will suffice to say that following these assignments there is no statement in the brief showing that these special issues were requested in writing before the case was submitted to the jury, nor does it even appear, from the statement in the brief following the assignment, that such issues were requested at any time and refused by the court. For that reason, as well as others pointed out by appellee, we decline to consider the first three assignments. The holdings of all the courts on this point are so numerous that a mention of the decisions would be superfluous.

By the fourth assignment it is claimed, substantially, that the jury, in determining the issue of negligence submitted to them in favor of appellee, was actuated by prejudice or passion against appellant on account of his race (he being a negro), and we are asked, for that reason, to set aside the jury's verdict. We shall not go into this matter in detail, but, notwithstanding the fact that the assignment is not briefed in accordance with the rules, at the same time we have gone to the record and considered the assignment upon its merits, and hold that we cannot sustain it, and it is therefore overruled.

By the fifth assignment it is complained that the trial court erred in entering judgment for the defendant upon the jury's verdict, and erred in refusing to set aside the findings of the jury on the special issue submitted to them. Considering this assignment also upon its merits, in the light of the record, we have concluded that it cannot be sustained and must be overruled.

[2] The sixth assignment of error is as follows:

"The court erred in sustaining the exception of the defendant to the plaintiff's plea in the alternative, wherein plaintiff asks for damages for failure of defendant to inform and advise him that defendant carried insurance."

This assignment is followed by this proposition:

"Where it develops that plaintiff sustained an injury with the defendant corporation carrying the workmen's compensation, and appellant did not know of such compensation until after the institution of his suit and after the time had elapsed within which he should file his claim, the failure of the corporation to notify and advise plaintiff renders the corporation itself liable for such a sum as it would have had to pay had plaintiff been notified in the first instance and availed himself of the insurance."

It will be noted that the assignment complains that the trial court sustained an exception interposed by appellee touching the above-mentioned plea by appellant. From the statement contained in appellant's brief, however, it is not shown that any exception on the part of appellee to such plea was ever presented to the trial court or ever ruled upon one way or the other by him. In fact, the record itself on this point is silent. We therefore must hold that the assignment points out no error, even if we should go to the record in the absence of anything in the statement following the assignment touching this complaint.

This disposes of all the assignments of error, and the conclusion is that the judgment must be affirmed; and it will be so ordered.